[No. 30294. Department One. October 2, 1947.]

GRANT DIXON *et al., Respondents,* v. DUNCAN J. MACGILLIVRAY *et al., Appellants.*[1]

[1]Reported in 185 P. (2d) 109.

*Jack D. Freeman* and *R. Max Etter,* for appellants.

*Brown & Brown* and *Richard W. Axtell,* for respondents.

MILLARD, J.—In June, 1946, Leo J. Sullivan and wife listed for sale with real-estate agent Duncan J. MacGillivray, doing a real-estate business in Spokane as MacGillivray and Company, their improved real property at 527 east Rockwood boulevard in the city of Spokane described as "Lots 11 and 12 in Block 6 Third Addition to Manito Park in the City of Spokane, Spokane County, Washington."

Grant Dixon called at MacGillivray's office and, in response to his inquiry of what the property consisted, was informed by the representative of Mr. MacGillivray in that office that the property offered for sale was lots eleven and twelve in block six of the third addition to Manito Park. No other representation as to the dimensions of the lots was made. Dixon assumed the lots were each fifty feet wide. He and his wife, unaccompanied by any representative of the real-estate agency, visited the lots, inspected the house thereon, and returned to the real-estate office, where, on June 22, 1946, he offered sixteen thousand dollars

for the property and gave one hundred dollars to Mac-Gillivray to bind the offer. Dixon then went to his office and verified, from a tract book of the city of Spokane, that the width of each of lots eleven and twelve was fifty feet, and then proceeded to the real-estate office of MacGillivray and Company and paid to that agency an additional sum of fourteen hundred dollars on the purchase price of the property.

The Dixons immediately took possession of the property and expended, in repair of the house, four thousand dollars. They did not learn until August 12, 1946, when a title report was received from Northwestern Title Insurance Company, that the total width of lots eleven and twelve was not one hundred feet, but that the true description of the property was the east thirty feet of lot eleven and the west thirty-five feet of lot twelve of block six of the third addition to Manito Park, whereupon the Dixons refused to pay the full purchase price of sixteen thousand dollars. Instead, they tendered eleven thousand dollars to MacGillivray and Company, the balance due less thirty-five hundred dollars on the purchase price. This offer was rejected by the real-estate agent and his clients, who served on the Dixons a notice of intention to forfeit the contract.

The purchasers deposited with the clerk of the superior court for Spokane county thirteen thousand five hundred dollars and instituted an action against MacGillivray and his clients to recover against defendants damages in the amount of thirty-five hundred dollars alleged to have been sustained as the result of defendants' fraudulent representations, upon which plaintiffs relied and by reason thereof purchased the property; that the subject matter of the contract comprised all of lots eleven and twelve in block six of Manito Park addition to the city of Spokane, but in fact the total width of the property purchased is sixty-five feet and not one hundred feet, as falsely represented by defendants.

Defendants' demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action

was overruled, whereupon, by answer and cross-complaint, they sought, on the ground of mutual mistake, reformation of the contract to recite the true description of the property.

The cause was tried to the court, which found that defendants, for the purpose of having plaintiffs rely thereon, made representations to plaintiffs, which defendants should have known were false at the time they were made and upon which misrepresentations plaintiffs relied and purchased the property by reason thereof, that the property purchased comprised all of lots eleven and twelve in block six of Manito Park addition, when in fact the property consisted of only the east thirty feet of lot eleven and the west thirty-five feet of lot twelve, and that, by reason of such fraudulent representation, plaintiffs sustained damages in the amount of three thousand dollars. From judgment entered in consonance with the foregoing, defendants appealed.

On the ground that the respondents failed to plead or prove that they had a right to rely upon representations of appellants, error is assigned on overruling demurrer to the complaint and overruling of appellants' motion for judgment at the conclusion of respondents' case.

In support of this contention, appellants cite 23 Am. Jur. 947, to the effect that, in order to secure relief on the ground of fraud, the complainant must have had, under the circumstances of the case, a right to rely upon the misrepresentation which is sought to be made the basis of the charge of fraud.

Prior to visiting the premises in question, respondents talked with MacGillivray, who informed them that the property for sale consisted of the two lots described above. Respondents looked at the house and the two lots and testified that they saw another house about ten feet southeast of the house they were purchasing. To the west there was vacant property for a distance of one hundred seventy-five feet to two hundred feet. The vacant property was covered with brush, shrubs, and trees for a distance of approxi-

mately forty feet west of the property in controversy. There was no visible boundary line on the westerly or northwesterly side of the property, and the shrubbery was irregular as to line. Respondents owned other lots near this property which were fifty feet in width. They assumed that lots eleven and twelve, which they were purchasing from appellants, were each fifty feet wide, and they verified that by checking a plat or atlas and found the lots were fifty feet each in width. Mr. Dixon testified that, if these lots had not been as represented, he would not have purchased the property.

■■ From the evidence, it is clear that fraud was committed. In *Webster v. Romano Engineering Corp.*, 178 Wash. 118, 34 P. (2d) 428, followed by *Andrews v. Standard Lbr. Co.*, 2 Wn. (2d) 294, 97 P. (2d) 1062, we stated that we were reluctant to define fraud, but that, along with all other courts, we recognized certain essential elements that enter into its composition. We said:

"These are: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage."

The representation by appellants that they owned lots eleven and twelve was a representation of an existing fact. It was material, and it was false. Respondents would not have purchased the property had they known they were not full lots. The representation was false or appellants were mistaken. It is not material whether appellants knew the representation they made was false or whether they were ignorant of the truth of their representation. They made the representation to respondents as representation of an existing fact. Appellants intended that their representation as to the extent of the property should be acted upon by respondents, to whom the representation was made, and respondents were ignorant of the falsity of

the representation, and there was nothing on the north-westerly side of the property that would define its physical boundary. Respondents relied and had the right to rely on the truth of the representation as to the extent of the property. The evidence sustains the finding of the trial court that respondents were damaged in the amount of three thousand dollars as the result of appellants' misrepresentation as to the extent of the property.

One who indicates to a purchaser that the land sold has a certain area, when, as a matter of fact, the area is less than represented, is responsible to the purchaser in damages or in an action of rescission, even though he acted under an honest mistake without any intent to deceive. *Algee v. Hillman Inv. Co.*, 12 Wn. (2d) 672, 123 P. (2d) 332.

Respondents had a right to rely upon the misrepresentation which is made the basis of the charge of fraud. The rule for which appellants contend is applicable where the parties have equal present opportunity and means to ascertain the truth at the time of the transaction and is not applicable merely because it is possible to ascertain the facts. Any investigation made by respondents with reference to the boundaries of the lots would not have disclosed anything in the absence of a survey, which respondents were not obligated to have made, in view of appellants' definite representation that the property consisted of lots eleven and twelve in block six of the third addition to Manito Park.

*Conta v. Corgiat*, 74 Wash. 28, 132 Pac. 746, upon which appellants rely, involved the sale of a lot fifty by one hundred five feet, which plaintiffs contended defendants represented was one hundred twenty feet long. We held, in that case, that the purchaser twice visited and inspected the lot, its boundaries were plainly marked, and there was no concealment or pointing out of false lines; hence, rescission of the sale for fraud on the ground that the vendor misrepresented the area was denied because of the application of the rule of *caveat emptor*. That is, where the boundaries are reasonably ascertainable, the rule of *caveat*

*emptor* applies; but where, as in the case at bar, there was no defined physical boundary on the northwesterly side of the lots, and there was no way respondents could have determined the true boundary in the absence of a survey, respondents had a right to rely upon the representation of appellants.

Appellants next contend that the trial court erred in holding that the mistake in the description was not a mutual mistake which justified a reformation of the contract to provide for the property description.

There was no mutual mistake in this case. The mistake, if any, was unilateral, hence affords appellants no relief. 12 Am. Jur. 624, 625.

We held, in *Arrowsmith v. Nelson,* 73 Wash. 658, 132 Pac. 743, that liability for fraudulent representations inducing a sale of land cannot be escaped on the ground of mutual mistake by the one who had a better means of knowing and assumed to know the material fact, and misrepresented it.

To have been a mutual mistake, it is fundamental that both parties must have made a mistake; that is, both parties must have an identical intention as to the terms to be embodied in a proposed written contract, and the writing executed by them must be materially at variance with such intention before a court of equity will reform the writing so as to make it express the intention of the parties. *Moeller v. Schultz,* 11 Wn. (2d) 416, 119 P. (2d) 660.

In the case at bar, the falsity of the representation concerning the area of the lots was not readily ascertainable, and respondents, under the circumstances, had a right to rely upon the representations of appellants.

"Ordinary prudence does not require a person to test the truthfulness of representations made to him by another as of his own knowledge with the intent that they shall be believed and acted upon, even though the party to whom such representations are made may have an opportunity to ascertain the truth for himself." *Christensen v. Koch,* 85 Wash. 472, 148 Pac. 585.

See, also, *Lou v. Bethany Lutheran Church,* 168 Wash. 595, 13 P. (2d) 20.

 The measure of damages in the case at bar is the difference between the market value of property had it been as represented and the market value of property as it actually was at the time of the sale. *Grosgebauer v. Schneider,* 177 Wash. 43, 31 P. (2d) 90.

 The evidence sustains the finding of the trial court that the damages sustained by respondents amounted to three thousand dollars.

The judgment is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.

[1]Reported in 185 P. (2d) 134.