[No. 34460. Department One. October 17, 1958.]

THE PUGET SOUND NATIONAL BANK, *as Executor, Appellant,*
v. A. J. McMAHON *et al., Respondents.*[1]

[1]Reported in 330 P. (2d) 559.

*Rummens, Griffin, Short & Cressman,* for appellant.

*Wright & Wright,* for respondents.

WEAVER, J.—Plaintiff appeals from a judgment dismissing with prejudice her action for rescission of an exchange contract of real properties.

In October, 1955, plaintiff conveyed the Liberty Bell Motel, in King county, to the defendants, A. J. and Bernice McMahon, in exchange for the Broadway Cut-off Apartments, in Snohomish county. Plaintiff alleged that defendants misrepresented certain observable physical facts; namely, that there was new plumbing throughout the Broadway Cut-off apartments, and that the equipment and furniture were new and in good condition. Plaintiff also alleged that defendants represented that the property produced gross annual earnings of twelve to fourteen thousand dollars, from which a net profit of five to seven hundred dollars a month was realized. These allegations were controverted in the answer and the evidence. The court made no finding of fact as to whether or not the misrepresentations were actually made.

The trial court found, however, that plaintiff, eighty-one years of age, had

". . . many, many years experience in the ownership, management and control of a considerable number of apartment houses, motels, and other rental units";

and that

". . . plaintiff inspected the Broadway Cut-off Apartments on an undetermined number of occasions in the company of the defendant Taylor and also of others. She consulted with counsel and was advised against the proposed exchange. If the plaintiff believed that she was to receive from the operation of the Broadway Cut-off a net income of $500.00 per month, that the plaintiff was a woman of such vast business experience that upon her extensively viewing and examining the premises, it was impossible for her to have any reasonable belief that the net income from the property would be $500.00 per month, and that her viewing and inspecting of these premises and her personal experience in handling large properties would not permit her to

say that she believed the property would afford her a net income of $500.00 per month. Further, her experience in handling properties for a number of years and her inspection of these premises were such that she could not close her eyes to the condition of the plumbing or of the furniture in the furnished units of the Broadway Cut-off Apartments. In other words, the court finds that she exchanged these properties with full knowledge of the conditions surrounding and after full and complete inspection of an experienced person. That if any representations were made, the plaintiff had no right to rely thereon, due to her multitude of years of experience in owning and managing rental units and operating properties of similar character."

Plaintiff died pending appeal. Although the Puget Sound National Bank, as executor of her estate, has been substituted as appellant, we will refer to plaintiff as the appellant.

It appears from her proposed findings of fact that appellant has no particular quarrel with the court's finding that she had no right to believe any misrepresentations that may have been made as to the observable condition of the plumbing, furniture, and equipment in the apartments.

The gravamen of the appeal is appellant's contention that past net profits from operation of the apartments is not an observable physical fact; hence, the finding that she had no right to rely upon defendants' alleged representation of net earnings is a bare conclusion of law, without any supporting finding of fact or evidence upon which it can be based.

From these facts, appellant asks us to assume that a representation as to net earnings was made, that it was false, that she believed it, and had a right to do so. Upon this theory, appellant seeks a reversal of the judgment.

This court said in *Marr v. Cook*, 51 Wn. (2d) 338, 340, 318 P. (2d) 613 (1957):

"It is unnecessary to discuss again all of the elements which a purchaser must prove to be entitled to recover in an action for fraud in connection with a sale. They have been set out in almost identical form in a long line of cases beginning with *Webster v. L. Romano Engineering Corp.* (1934), 178 Wash. 118, 34 P. (2d) 428, and repeated as recently as *Swanson v. Solomon* (1957), 50 Wn. (2d) 825, 314 P. (2d) 655."

 In an action for fraud, the burden is upon plaintiff to prove the existence of *all* the essential and necessary elements "that enter into its composition," (See *Webster v. L. Romano Engineering Corp., supra*) one of which is that the representee had a right to rely upon the representation. All of the ingredients must be found to exist. The absence of any one of them is fatal to a recovery. To be remedial, a representation must have been of such a nature and have been made in such circumstances that the injured party had a right to rely on it. It is this element that the trial court found was missing in the instant case.

"The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him." 23 Am. Jur. 948.

 The trier of the fact is justified in finding that the representee did not have the right to rely on a representation, if made, if the representee had expert knowledge of the general subject matter and was peculiarly fitted and qualified, by knowledge and experience, to evaluate that which he saw and appreciate the obvious falsity of the claimed representation. See *Narup v. Benson*, 154 Wash. 646, 283 Pac. 179 (1929). A finding that the representation was actually made is not a necessary condition precedent to a determination that the representee did not have the right to rely upon it; such a determination assumes, for the purpose of argument, that the representation was made.

 The past net profits from operation of the Broadway Cut-off Apartments is, as appellant contends, not an observable physical fact; but the evidence supports the trial court's finding that the combination of the condition and extent of the apartments, as disclosed by appellant's investigations, with her vast business experience in the ownership and management of such projects, could lead only to one conclusion: She was not entitled to rely upon representations as to net profits.

The evidence has failed to establish one of the essential and necessary elements that enters into the composition of fraud, and the judgment must be affirmed.

It is so ordered.

HILL, C. J., OTT, and HUNTER, JJ., concur.

MALLERY, J. (concurring)—The trial court predicated its conclusion that the appellant had no right to rely upon representations, if made, relating to income from the Broadway Cut-off Apartments upon the ground that they were in a bad physical condition, which was open to the inspection. It is the condition of the Broadway Cut-off Apartments that is the crux of the appeal. Appellant aptly points out that there is no *testimony* on the question. However, the trial court *knew* their condition from its own inspection of the premises. Its conclusion was therefore not speculation.