[No. 9-40099-2.   Division Two.   November 6, 1969.]

WENDLE FORD SALES, INC., *Appellant*, v. NATIONAL BANK OF WASHINGTON, *Respondent*.

*Troup, Christnacht & Herron* and *John B. Troup*, for appellant.

*Blair, Thomas, O'Hern & Daheim* and *Warren J. Daheim*, for respondent.

PER CURIAM.—This is an appeal by plaintiff from an order granting defendant's motion for summary judgment. Plaintiff, a Spokane automobile and truck dealer, had sought to recover damages for a loss allegedly caused by use of defendant bank's conditional sale contract printed form in a sale of trucks to an Idaho resident.

Plaintiff and defendant operated under a written agreement whereby defendant purchased plaintiff's chattel mortgages and conditional sale contracts. In December of 1964 an officer of plaintiff dealer asked the manager of a Spokane branch of defendant bank whether the provisions of the conditional sale contract form furnished by them would secure a deficiency judgment against the defaulting purchaser in states other than Washington. The branch manager received a letter in reply which stated in its relevant portion:

It is the opinion of our attorneys that our existing Automobile Conditional Sale Contract Form No. TPL-341

and Dealer Note and Chattel Mortgage Form No. TPL-347, sufficiently complies to the requirements of the states of Idaho, Montana, and Oregon. It will be necessary, however, to comply with the filing requirements of the state in which the borrower or purchaser resides as heretofore.

A copy of the letter was furnished to plaintiff by defendant's branch manager who advised plaintiff that he understood the reply to mean that plaintiff was protected under the terms of the conditional sale contract printed form and could secure a deficiency judgment in case of default.

In April of 1965, plaintiff entered into a contract with an Idaho resident under which it sold trucks using defendant's conditional sale contract form. The buyer of the trucks defaulted. Plaintiff states that it later learned that the form contained restrictive language which precluded its taking a deficiency judgment, leaving it with the sole remedy of repossession to its damage.

After plaintiff's complaint was twice amended defendant successfully moved for summary judgment. Plaintiff appeals, contending that it raised issues of fact as to misrepresentation, reliance, and damages. Plaintiff's case is apparently predicated on fraud. As succinctly stated in *Beckendorf v. Beckendorf*, 76 Wn.2d 457, 462, 457 P.2d 603 (1969):

> The elements necessary to establish fraud—all of which must be shown by clear, cogent, and convincing evidence—are a representation of an existing fact; its materiality; its falsity; the speaker's knowledge of its falsity; his intent that it shall be acted upon by the person to whom it is made; ignorance of its falsity on the part of the person to whom it is addressed; the latter's reliance on the truth of the representation; his right to rely upon it; and his consequent damage.

No reading of defendant's letter, even in conjunction with the branch manager's statement, would support a finding of misrepresentation. Affidavits of defendant as to depositions taken from plaintiff's president and truck sales manager demonstrate that plaintiff was aware of the Idaho law to the extent that the securing of deficiency judgment in

272

that state required such a provision in the conditional sale contract, that it did not accept the opinion as to deficiency judgments and did not rely thereon. With no misrepresentation or reliance there can be no recovery of damages. We do not see under any concept of law that plaintiff has a cause of action.

Considering all evidence and all reasonable inferences therefrom most favorably to plaintiff, we agree with the trial court that plaintiff has raised no genuine material issue of fact. *W. G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 438 P.2d 867 (1968).

The order granting defendant's motion for summary judgment is affirmed.