[No. 1368-1.    Division One—Panel 1.    February 20, 1973.]

VIRGIL MORGAN, JR., et al., Respondents and
Cross-appellants, v. JAMES C. IRVING et al., Appellants.

Stock & Welch, Inc., P.S., and Eugene A. Stock, for appellants.

Efrem Z. Agranoff, for respondents and cross-appellants.

FARRIS, J.—Virgil Morgan and Mary Morgan, his wife, initiated an action against James C. Irving and Verna L. Irving, his wife, for rescission and damages on two real estate contracts, the first having been executed on January 15, 1970 and the second on January 20, 1970. The trial court hearing the matter without a jury concluded that the defendant sellers Irving through their agent, Arman A. Boger, a salesman for Pilchuck Realty, Inc., had made fraudulent misrepresentations regarding each of the transactions, but held that the Morgans had waived rescission. The court permitted the Morgans to reopen their case to introduce evidence on the question of damages and awarded a total of $2,820 damages on the two transactions.

Although error was assigned to certain of the trial court's findings of fact, those findings were not set out verbatim in the briefs on appeal as specified in CAROA 43. Unless set forth verbatim, the given findings will be treated as verities for the purpose of the case. *State ex rel. Bain v. Clallam County Bd. of County Comm'rs,* 77 Wn.2d 542, 463 P.2d 617 (1970). Our inquiry is therefore limited to whether the findings of fact support the conclusions of law.

With regard to the January 15th contract, the trial court found:

That prior to the purchase of the subject properties and in December of 1969, the Plaintiffs called the Defendant Boger, and asked the Defendant Boger to keep his eye open for some property which could be purchased by the Plaintiffs for the purpose of building a home thereon within a couple of years. Thereafter the Defendant Boger acting as agent for Defendants Irving showed the first parcel of property to the Plaintiffs and relying upon some advice by her employer regarding inclusion of a perk test contingency in the Earnest Money Agreement, the Plaintiff Wife suggested such inclusion in the first Earnest Money Agreement. Before the execution of the Earnest Money Agreement, Plaintiff Husband asked the Defendant Boger whether the property should be perk tested to which the Defendant Boger replied not to worry about that and when looking at the property which was very wet, the Defendant Boger stated that all property was wet at this time of year and indicated that the property would perk in summertime. The requirement for the perk test was included in the first Earnest Money Agreement which stated that the owner was to perform a perk test on or before January 10, 1970, which was performed by the owner and revealed that the property would not perk. This fact was reported to the Defendant Boger who related it to the Plaintiffs but stated that in order for the deal to go through the perk test requirement would have to be waived, which was subsequently accomplished in the written escrow instructions, in reliance upon the Defendant Boger's representation.

Finding of fact No. 7.

It is common knowledge that land that will not perk part of the year is not usable for residential purposes,

because septic tanks and other sanitary devices must have perkable land throughout the year in order to pass County inspection and allow a home to be built thereon. This is particularly true in the western portion of Snohomish County where there are percolation difficulties, either because of the fact that hardpan is too close to the surface or the water table is too close to the surface, either of which conditions renders property incapable of percolation. The Defendant Boger testified that he was unaware of the fact that property must perk throughout the year, which the Court finds unworthy of belief.

Finding of fact No. 9.

To support a conclusion of fraud, the court must find as a fact that the Morgans had a right to rely on Boger's alleged misrepresentation. *Wendle Ford Sales, Inc. v. National Bank of Washington,* 1 Wn. App. 270, 461 P.2d 889 (1969). Instead, the court found that in Snohomish County it is

common knowledge that land that will not perk part of the year is not usable for residential purposes, because septic tanks and other sanitary devices must have perkable land throughout the year in order to pass County inspection and allow a home to be built thereon.

The fact that the agent stated that the land would perk in the summer is insufficient to support a finding of fraud since the Morgans as members of the general public shared the "common knowledge that land that will not perk part of the year is not usable for residential purposes." There is no dispute that they were advised prior to closing the transaction that a test was made and the land did not perk.

Even if the land had perked in the summer, and it did not, it would not have been suitable for the purpose to which the Morgans intended to put it. Thus, the statement of the agent that the land would perk in the summer, even if treated as a representation of an existing fact instead of merely an opinion regarding a future event, is not material.

To support a finding of fraud, the court must find: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it

should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage. [*Webster v. L. Romano Eng'r Corp.*, 178 Wash. 118, 120, 34 P.2d 428 (1934).]

*Sigman v. Stevens-Norton, Inc.*, 70 Wn.2d 915, 920, 425 P.2d 891 (1967). All of the ingredients must be found to exist. The absence of any one of them is fatal to recovery. *Baertschi v. Jordan*, 68 Wn.2d 478, 413 P.2d 657 (1966). We therefore reverse the award of damages as to the contract of January 15th. It is binding upon the parties as written.

As to the transaction of January 20th, the trial court found:

> Shortly after the Plaintiffs and the Defendants Irving executed the first Earnest Money Receipt and Agreement, the Defendant contacted the Plaintiffs by telephone and advised them that a church which had been interested in purchasing the adjoining two acres was not going to go through with the purchase because of lack of financing. This was a fraudulent representation for in truth and fact the church did not go through with the purchase because the land would not perk. Inasmuch as the adjoining two acres were similar to the two acres on which Plaintiffs had entered into the first Earnest Money Receipt and Agreement, Plaintiffs entered into an Earnest Money Receipt and Agreement on the second piece of property relying upon the Defendant Boger's representation. That the Defendant Boger did misrepresent the land and its ultimate usability to the Plaintiffs and that this misrepresentation was relied upon by the Plaintiffs and that these representations and the misrepresentations of the true reason the church did not buy the adjoining land which was then sold to the Plaintiffs were false and fraudulent, were statements of material existing facts, known to the Defendant Boger, made with the intent that they be relied upon by the Plaintiffs, that the Plaintiffs were entitled to rely thereon.

Finding of fact No. 10. This finding supports the conclusion of fraud.

The question then is whether the Morgans waived

rescission as a remedy by making payments on the contract after knowledge of the misrepresentation. We hold they did not. The facts in issue distinguish the instant case from *Blake v. Merritt,* 101 Wash. 56, 171 P. 1013 (1918). The rule is clear:

> [O]ne who seeks to avoid a contract which he has been induced to enter into by fraudulent representations of another touching the subject-matter of the contract, must proceed with reasonable promptitude upon discovering the fraud, or the right to rescind will be waived.

*Blake v. Merritt, supra* at 59. The intent of the Morgans to proceed with rescission was clear and timely asserted. The action was initiated within 30 days of the discovery of the fraudulent misrepresentation. It would have been better procedure if the Morgans had made subsequent payments on the contract into the registry of the court instead of to the seller, but the seller was not misled. He knew that the action had not been abandoned. It was error not to enter judgment rescinding the second transaction.

We do not reach the question of whether the trial court properly permitted the Morgans to reopen their case and introduce evidence on damages.

The cause is remanded for the entry of judgment rescinding the contract of January 20 and enforcing the contract of January 15. The award of damages is set aside.

SWANSON, C.J., and JAMES, J., concur.