[No. 2317-1.    Division One.    October 14, 1975.]

ALEXANDER MYERS & COMPANY, INC., *Respondent*, v. CHARLES A. HOPKE, ET AL, *Appellants*.

WILLIAMS, C.J., dissents by separate opinion.

*McBee & Lewis, Alfred McBee,* and *W. V. Wells,* for appellants.

*Clinton, Fleck, Glein & Brown* and *Russell R. Pearson,* for respondent.

FARRIS, J.—Alexander Myers & Company, Inc., as purchaser, and Charles A. Hopke and Romilda Y. Hopke, his wife, as sellers, entered into a contract for the sale of certain real property. The trial court reformed the contract of sale. The Hopkes appeal.

The Hopkes were owners of an unimproved, irregularly-shaped tract of real property near Anacortes. In 1969, Alexander Myers & Company, through a real estate broker, offered to purchase the property for $2,000 an acre. The Hopkes refused this offer, but indicated they would accept $140,000 for the entire parcel after paying the commission, which fixed the purchase price at $154,000. Alexander Myers & Company agreed to pay this price. An earnest money agreement was submitted to the Hopkes containing a proper legal description followed by the words, "total parcel to contain 70 Acres more or less." It also provided: "Purchase price to be adjusted at the rate of $2,200.00 per acre in [the] event survey reveals more or less than 70 acres." The Hopkes refused to sign the agreement. On March 3, 1969, a second earnest money agreement, containing the same language as the first, differing only in the percentage of interest to be charged against the unpaid balance, was prepared and presented to the Hopkes, who by the use of red ink, deleted the language which provided for a reduction in the purchase price should the acreage be less than 70 acres. Alexander Myers & Company signed the agreement as modified and on April 22, 1969, a formal real

estate contract, which included a proper legal description but made no reference to acreage, was signed by all parties. A subsequent survey revealed that the tract contains 50.99 acres.

Upon these facts, the trial court found that the parties intended a per acre sale of $2,200 per acre and reformed the contract by reducing the purchase price from $154,000 to $112,178 and the semiannual installment from $7,000 to $5,000.

The trial court found as a fact:

*Misrepresentation.* The defendants, prior to the execution of said contract, represented to plaintiff that the parcel described in said contract contained 70 acres more or less. Said representation was made by the defendants through their execution of that certain earnest money agreement dated March 3, 1969, . . . In fact said parcel contained only 50.99 acres, 27.16% less than represented as set forth above. Defendants did not, at the time of said representation as to acreage, themselves know how many acres said parcel contained and did not intend to deceive the plaintiff.

Finding of fact No. 3.

*Reliance.* In reliance on defendants' representation as to acreage, said parcel having no visible boundaries and plaintiff in April 1969 having no knowledge of its own as to actual acreage thereof, plaintiff entered into said contract.

Finding of fact No. 4.

*Mutual Mistake.* The parties made a mutual mistake of fact, viz., as to the size of the parcel in question, and plaintiff would not have bought said parcel for $154,000.00 had it known that the true area was 50.99 acres. Said mutual mistake of fact was material.

Supplemental finding of fact No. 2.

■■ We find the trial court's findings are sufficient to support Alexander Myers & Company's allegation of fraud. The elements of fraud are:

(1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it

should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage.

*Webster v. L. Romano Eng'r Corp.*, 178 Wash. 118, 120-21, 34 P.2d 428 (1934); *Morgan v. Irving*, 8 Wn. App. 354, 506 P.2d 316 (1973). Here, the Hopkes in signing the earnest money agreement dated March 3, 1969, directly represented to the purchaser that the parcel contained 70 acres more or less. This representation was material and false and although Hopke did not know it was false, he was ignorant as to whether it was true or false. Alexander Myers & Company relied upon the representation. Even though Hopke did not have a deceitful intent,

> One who indicates to a purchaser that the land sold has a certain area, when, as a matter of fact, the area is less than represented, is responsible to the purchaser in damages or in an action of rescission, even though he acted under an honest mistake without any intent to deceive.

*Dixon v. MacGillivray*, 29 Wn.2d 30, 35, 185 P.2d 109 (1947). Alexander Myers & Company had a right to rely on the representation since the parcel was irregularly shaped and had no definable boundary. *Dixon v. MacGillivray, supra; Weinstein v. Sprecher*, 2 Wn. App. 325, 467 P.2d 890 (1970).

While there is sufficient evidence to support a finding of fraud, the record does not support the trial court's reformation of the contract. Where both parties to a sale of land are mistaken about the quantity of land owned by the vendor, reformation is not the appropriate remedy since the mistake does not relate to the expression of the contract. D. Dobbs, *Remedies* § 11.6, at 747 (1973); *Ready Sand & Gravel Co. v. Cornett*, 184 Neb. 726, 171 N.W.2d 775 (1969). The fraud or inequitable conduct which gives rise to reformation is fraud in the commission of the agreement to written form and not, as here, fraud in the formation of the contract. *See J.J. Welcome & Sons Constr. Co. v. State*, 6

Wn. App. 985, 497 P.2d 953 (1972); D. Dobbs, *Remedies* § 9.5, at 637 (1973). It was therefore error to reform the contract. The proper remedy was either rescission or damages for the fraud.

■ The measure of damages is the difference between the market value of the property, had it been as represented, and the market value of the property as it actually was at the time of the sale. *McInnis & Co. v. Western Tractor & Equip. Co.*, 63 Wn.2d 652, 388 P.2d 562 (1964); *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954); *Dixon v. MacGillivray, supra; Weinstein v. Sprecher, supra. See* C. McCormick, *Damages* § 121, at 448 (1935); Annot., 13 A.L.R.3d 875 (1967). The record reflects that no evidence was introduced on the question.

We therefore remand the cause with instructions that Alexander Myers & Company may elect to rescind. In the event that it wishes to retain the property, evidence must be introduced on the question of damages, if any, suffered by Alexander Myers & Company as purchaser as a result of Hopke's misrepresentation.

Reversed and remanded.

CALLOW, J., concurs.

WILLIAMS, C.J. (dissenting)—Each of the nine elements necessary to establish fraud must be shown by clear, cogent and convincing evidence. *Beckendorf v. Beckendorf*, 76 Wn.2d 457, 457 P.2d 603 (1969); *Puget Sound Nat'l Bank v. McMahon*, 53 Wn.2d 51, 330 P.2d 559 (1958). I do not believe that element eight—the right to rely—was established by evidence of that character because it is plainly shown on the face of the earnest money agreement that the Hopkes refused to adjust the price if there were more or less than 70 acres. The bold red lines striking out the sentence "Purchase price to be adjusted at the rate of $2200 per acre in the event survey reveals more or less than the 70 acres." were initialed by the Hopkes and gave Myers fair notice that the Hopkes did not agree to make an adjust-

ment in price if a survey revealed that there were more or less than 70 acres in the tract.

> In an arm's-length transaction the defrauded party must exercise ordinary care for the protection of his own interests and is charged with knowledge of all facts which would have been discovered by a reasonable prudent person similarly situated. And a failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.

*Courseview, Inc. v. Phillips Petroleum Co.*, 158 Tex. 397, 407, 312 S.W.2d 197 (1957). 12 S. Williston, *Contracts* § 1501 (3d ed. 1970).

When the Hopkes affirmatively refused to agree to adjust the price if there were more or less than 70 acres, prudence and due diligence required that Myers seek clarification of the true size of the property.

The judgment should be reversed, and the cause dismissed.

Petition for rehearing denied February 17, 1976.

Appealed to Supreme Court February 25, 1976.