[No. 4054–II.   Division Two.   January 30, 1981.]

SHERRY L. SEGGERN, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Raven C. Lidman* and *James J. Bennett,* for appellant.

*Slade Gorton, Attorney General,* and *Morris C. Looysen, Assistant,* for respondent.

PEARSON, J.—Sherry L. Seggern was found to have fraudulently received an overpayment of public assistance funds at a hearing held before the Department of Social and Health Services (DSHS). This decision was affirmed on appeal to Thurston County Superior Court.

The dispute arose when petitioner failed to properly report all her earned income to DSHS, which under WAC 388-44-020(2), the department could presume was an intentional act. Pursuant to RCW 74.04.300, DSHS imposed a penalty for fraud and sought to recoup from Seggern's current assistance payments 125 percent of the amount overpaid. The sole issue we address on appeal is whether there were facts sufficient to establish by clear, cogent, and convincing evidence that petitioner intentionally misreported her income to DSHS. We hold that Seggern's explanatory evidence overcame the presumption that she acted intentionally, and that DSHS failed to prove the overpayment was the result of fraud. Accordingly, DSHS erred by imposing the penalty for fraud. We reverse.

In 1976, Ms. Seggern and her two children were receiving public assistance under the Aid for Families with Dependent Children program (AFDC). AFDC is a joint federal–state program involving federal funding and state administration by DSHS. Recipients under the program must report all income they receive to DSHS in order to properly calculate their eligibility for funds. During 1976, Seggern worked on a temporary basis as a bank teller, and was paid her salary on a biweekly basis. In August and September she reported to DSHS only one of the two paychecks she received each of those months. The department discovered from an earning report that she had failed to report $282.88 of income in August and $288.81 of income in September,

and calculated she had been overpaid $160.11 in AFDC funds.

DSHS notified Seggern that she owed the amount of the overpayment plus a 25 percent penalty imposed for fraudulently misreporting her income. Petitioner did not contest the amount of the overpayment, but only the imposition of the penalty for fraud. She sought and obtained an administrative "fair hearing" (RCW 74.08.070) before the department on whether the penalty for fraud was properly imposed.

■ WAC 388–44–020(1) provides the definition of "fraud" applicable in this case and states:

"Fraud" shall mean a deliberate, intentional, and willful act, with the specific purpose of deceiving the department with respect to any material fact, condition, or circumstance affecting eligibility or need.

The standard of proof in civil fraud cases, including those instituted here under RCW 74.04.300, is "clear, cogent, and convincing" evidence. *Beckett v. Department of Social & Health Servs.*, 87 Wn.2d 184, 186, 550 P.2d 529 (1976). The burden of proving fraud lies with the party asserting its existence, here DSHS. *Beckendorf v. Beckendorf*, 76 Wn.2d 457, 457 P.2d 603 (1969); *Puget Sound Nat'l Bank v. McMahon*, 53 Wn.2d 51, 330 P.2d 559 (1958).

The department's burden of proof is aided by the presumption contained in WAC 388–44–020, which states in part:

(2) The failure of any recipient of public assistance to notify the department within twenty days of any change in circumstances affecting eligibility or need, including receipt or possession of all income or resources not previously declared to the department, shall be prima facie evidence of fraud. When a local office finds that an applicant or recipient has misstated or failed to reveal any material fact affecting eligibility or need, *it shall presume that such act was done intentionally.*

(3) It shall be the duty of the department, whenever it finds misstatement or failure to reveal pertinent facts or circumstances, to secure further evidence, whenever possible, which enables it to formulate a firm opinion as to

whether or not the act was committed intentionally and fraudulently. In the absence of such further evidence, the presumption is not overcome; however, *such presumption is rebuttable.*

(Italics ours.) This presumption is not evidence, and its operative effect is lost when the opposing party adduces prima facie evidence to the contrary. *Amend v. Bell,* 89 Wn.2d 124, 570 P.2d 138 (1977); *Bates v. Bowles White & Co.,* 56 Wn.2d 374, 353 P.2d 663 (1960). *See* Orland & Tegland, *The Federal Rules of Evidence: Washington Follows the Federal Model,* 15 Gonz. L. Rev. 277, 301 (1980).

At her hearing, Seggern made a prima facie showing that her failure to fully report her income was not an intentional act. She testified she had no intention to deceive the department, and thought she had complied with all reporting requirements. Petitioner also stated she was not good at mathematics or bookkeeping, and that when she requested the assistance of her caseworker in filling out the income report forms, the assistance was denied. There was also evidence that the method by which the bank paid Seggern her salary caused her some confusion as to the precise amount and date of payment. While this evidence does not excuse Seggern's actions or prevent DSHS from seeking to recoup the amount of assistance overpaid, it does rebut the presumption that she acted intentionally.

With the presumption overcome, the department was then required to prove by "clear, cogent, and convincing" evidence (*Beckett v. Department of Social & Health Servs., supra*) that petitioner's failure to report her income was a "deliberate, intentional, and willful act, [done for] the specific purpose of deceiving the department. . ." WAC 388-44-020(1). This the department failed to do. Petitioner, who had been receiving AFDC funds since 1974, admitted at the hearing to knowing she had a duty to report all her income to the department. Yet she had no real explanation for her failure to do so. These facts served as the basis for the department's decision to impose the

penalty for fraud. Following the hearing, the examiner stated in his conclusions of law:

> In this instance, the appellant [Sherry Seggern] was well aware that earnings were to be reported, and her excuse for not reporting them properly falls short in light of the fact that she has had enough experience as a recipient to know that they affect her need for public assistance. She is capable of handling a job as a bank teller, and it must be concluded that a simple report required by the Department would not be beyond her comprehension.

Upon appeal, the trial court determined the hearing examiner's decision "was not erroneous, arbitrary and capricious, or contrary to law." We disagree. In our view, the examiner's finding falls short of the requisite "clear, cogent, and convincing" evidence standard required to prove fraud.

The administrative procedures act, RCW 34.04, dictates the scope of review applicable to this appeal. *See* RCW 74.08.080. Applying the appropriate standards of review directly to this administrative decision (*Department of Ecology v. Ballard Elks Lodge 827,* 84 Wn.2d 551, 527 P.2d 1121 (1974)), we find the decision to be both "clearly erroneous" and "arbitrary and capricious" under RCW 34.04.130(6)(e) and (f). *See Department of Ecology v. Ballard Elks Lodge 827, supra; Gerla v. Tacoma,* 12 Wn. App. 883, 533 P.2d 416 (1975).

Accordingly, we reverse.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied March 30, 1981.

Review denied by Supreme Court June 12, 1981.