IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1, | ) ) ) ) ) ) ) ) ) ) ) | No. 34615-3-III |
| Respondent, | ) ) | |
| v. | ) ) | |
| GEORGIA A. PLUMB; JOSHUA C. PLUMB; KAMERON F. PLUMB; and THE WORD CHURCH, | ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| ESTATE OF CARL PLUMB, DECEASED; UNKNOWN HEIRS AND DEVISEES OF CARL PLUMB, DECEASED; CITIBANK, N.A.; ALSO ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

No. 34615-3-III
*U.S. Bank Nat'l Ass'n v. Plumb*

PENNELL, J. — The Plumbs appeal a judgment and decree of foreclosure entered after summary judgment was granted in favor of U.S. Bank National Association. We affirm.

## FACTS

In August 2004, the Plumbs executed and delivered a promissory note and corresponding deed of trust encumbering their home to Finance America, LLC in exchange for a $360,000 loan. The front page of the deed of trust is dated August 16, 2004, but the Plumbs signed the document on August 26. The deed of trust was recorded on August 31. The beneficial interest in the deed of trust was subsequently assigned to U.S. Bank.

The Plumbs failed to make the monthly payment due on March 1, 2009. Since that time, they have continued to withhold payments on the loan, alleging fraud as the reason for nonpayment. On June 13, 2009, the Plumbs were provided with written notice of default by U.S. Bank's loan servicing agent, Ocwen Loan Servicing, LLC. The Plumbs did not cure the default.

On December 26, 2013, U.S. Bank filed a foreclosure complaint in Yakima County Superior Court and moved for summary judgment in May 2015. The superior court granted summary judgment to U.S. Bank and the Plumbs appeal.

2

ANALYSIS

*Standing*

The Plumbs' chief argument is U.S. Bank lacked standing to foreclose on their property because it did not possess the promissory note on the date it filed suit. Although it is undisputed that U.S. Bank possessed the note at the time of the summary judgment proceedings, the Plumbs claimed the critical time period was the date of suit. As factual support for their possession claim, the Plumbs point to an item they refer to as the "Note Location Determined" document that states:

> [B]ased on Deutsche Bank data base they first initially received the loan on 9/13/2004 then withdrew and sent it to GMAC on 10/14/04, received it back on 11/9/04, withdrew and sent it to Ocwen on 7/22/10, received it again on 9/14/13 and withdrew and sent it out to Ocwen on 7/28/14. Ocwen received the Original Note and Mortgage on 8/4/14 and has remained in custody of the Original documents since that date.

Clerk's Papers at 665.

Our inquiry on summary judgment is the same as in the trial court. *Coppernoll v. Reed*, 155 Wn.2d 290, 296, 119 P.3d 318 (2005). We consider the pleadings and supporting documents to determine whether there is a genuine issue of material fact for trial. CR 56(c). A party opposing summary judgment cannot rely on speculation or inadmissible evidence to show material factual issues. *Lynn v. Labor Ready, Inc.*, 136 Wn. App. 295, 306, 151 P.3d 201 (2006). Instead, the opponent must proffer facts

3

that would be admissible at trial and would tend to show the existence of disputed material facts. *Id.*

A threshold problem with the Plumbs' arguments in opposition to summary judgment is that the note location document is hearsay. ER 801(c). Contrary to the Plumbs' assertions, the document is not an admission of a party opponent. The document purports to have been made by an employee of Ocwen, not U.S. Bank. Although Ocwen worked as a servicing agent for U.S. Bank's loan, there is no evidence Ocwen had authority to speak on behalf of U.S. Bank. ER 801(d)(2)(iii). Nor is there any evidence U.S. Bank ever adopted the note location document as its own or agreed to its truthfulness. ER 801(d)(2)(ii). Because the note location document is hearsay, it can only be considered on summary judgment if the Plumbs are able to establish an exception to the hearsay rule.

The note location document does not qualify for a hearsay exception as a business record. ER 803(a)(6). To be admitted as a business record, a document must be verified by a custodian of record or another qualified witness who can attest to the record's identity and mode of preparation. RCW 5.45.020; *Lodis v. Corbis Holdings, Inc.*, 172 Wn. App. 835, 858, 292 P.3d 779 (2013) (admissibility as a business record requires showing the document was "made in the regular course of business, at or near the time of

4

the act, condition or event"). No such verification exists in the record. The business record exception therefore fails.

The Plumbs also have not established admissibility of any statements in the note location document affecting an interest in property. ER 803(a)(15). A statement contained in a document purporting to establish or affect an interest in property is not considered hearsay if the matter stated was relevant to the purpose of the document. 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 803.58 at 140 (6th ed. 2016). The note location document does not, in and of itself, purport to establish or impact an interest in the Plumbs' home or any other form of property. ER 803(a)(15) is inapplicable.

The Plumbs proffer of the note location document was not, therefore, sufficient to challenge the facts set forth in U.S. Bank's motion for summary judgment.[1]

*Fraud*

The Plumbs next argue: (1) forgery in U.S. Bank's promissory note and deed of trust instruments, and (2) fraud in the origination of the mortgage loan vitiated the instruments and the transaction.

---

[1] Even if the note location document were admissible, it would not appear dispositive. The document does not show that, at the time of suit, U.S. Bank lacked at least constructive possession of the note.

The elements of fraud include: (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted on by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely on it, and (9) damages suffered by the plaintiff. *Adams v. King County*, 164 Wn.2d 640, 662, 192 P.3d 891 (2008). The person alleging fraud must prove all of these elements by clear, cogent, and convincing evidence. *Pedersen v. Bibioff*, 64 Wn. App. 710, 722-23, 828 P.2d 1113 (1992). The absence of any element is fatal to a claim of fraud. *Puget Sound Nat'l Bank v. McMahon*, 53 Wn.2d 51, 54, 330 P.2d 559 (1958).

The Plumbs' first theory is fraud in the inducement, namely fraudulent appraisal. They claim the appraisal done in conjunction with their refinance reflected an incorrect and inflated value for their property. This claim of fraud fails. The difference between the assessed and appraised value is not sufficient evidence of a false statement, as required by element number three. In addition, the Plumbs cannot point to any evidence that U.S. Bank was aware of an inflated appraisal amount, as required by element number four.

The Plumbs' second theory is a person working on the refinance threatened to sue them if they did not sign the loan documents. This vague allegation does not constitute a false statement, as required by element number three.

The Plumbs' third theory is the promissory note and deed of trust in U.S. Bank's possession are forgeries. There are also insufficient facts to support this claim. The Plumbs have admitted that no entity besides U.S. Bank has attempted to demand payment on the promissory note. The discrepancy in the dates on the deed of trust would only be of consequence if there was a dispute as to the date the contract was entered into, which there was not. The Plumbs also claim other parts of the deed of trust were forged including the name of the trustee, the legal description of the property, and the presence of a form name on the lower left-hand corner. The Plumbs have not shown how this affects the terms of the instrument. Moreover, most of the alleged forgeries the Plumbs point to are in the deed of trust. But it is the note that is important. The mortgage is incident to the note. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 104, 285 P.3d 34 (2012).

*Laches*

The Plumbs contend U.S. Bank's lawsuit must be dismissed due to the equitable doctrine of laches. They argue U.S. Bank caused irreparable harm to their ability to

defend by waiting over four years after the Plumbs defaulted in May 2009 to file the foreclosure action.

The doctrine of laches protects defendants who are injured by a plaintiff's delay in bringing the action. *Assocs. Hous. Fin. LLC v. Stredwick*, 120 Wn. App. 52, 61, 83 P.3d 1032 (2004). To invoke this defense, a defendant must establish three things: (1) the plaintiff knew, or could have reasonably discovered, the facts constituting a cause of action, (2) the plaintiff unreasonably delayed filing the action, and (3) the defendant was materially prejudiced by the delay. *Id.* at 62. Absent unusual circumstances, the doctrine of laches should not be invoked to bar an action short of the applicable statute of limitation. *In re Marriage of Hunter*, 52 Wn. App. 265, 270, 758 P.2d 1019 (1988).

The Plumbs cannot meet the elements of laches. U.S. Bank filed this action within the six-year limitation period. RCW 4.16.040(1). Any delay within this period did not prejudice the Plumbs. To the contrary, the Plumbs benefitted from the delay, as they have continued to live in their home without making loan payments. Although the Plumbs did suffer the loss of their family member, Carl Plumb, during the limitation period, they cannot show that the outcome of their case could have been different with Carl Plumb's assistance.

*Due process*

The Plumbs next claim they were deprived of their right to due process and equal protection. Regarding due process, the Plumbs argue the superior court unreasonably ignored the facts and refused to allow them to testify at the summary judgment hearing. Regarding equal protection, the Plumbs claim they were treated differently than other similarly situated homeowners.

These claims are derivative of the other claims presented in the Plumbs' briefing. As discussed, the Plumbs did not properly support their claims with admissible evidence. The Plumbs were given an opportunity to defend the lawsuit in court. There was no denial of due process.

As for the Plumbs' equal protection argument, they fail to demonstrate how they have been treated differently from other similarly situated individuals other than to say other homeowners are "protected." Appellant's Br. at 47. This court does not consider conclusory arguments unsupported by citation to authority. RAP 10.3(a)(6); *Joy v. Dep't of Labor & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012).

*Sanctions and attorney fees*

Because the arguments raised by the Plumbs are without merit, they are not entitled to sanctions or attorney fees.

No. 34615-3-III
*U.S. Bank Nat'l Ass'n v. Plumb*

## CONCLUSION

The order and judgment of the superior court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____      _____
Fearing, C.J.                                        Korsmo, J.

10