[No. 13269. Department One. September 28, 1916.]

C. H. HORNBURG, *as C. H. Hornburg Automobile Company, Appellant,* v. E. O. LARSON *et al., Respondents.*[1]

BILLS AND NOTES—VALIDITY—FAILURE OF CONSIDERATION. There is entire failure of consideration for a mortgage note given as part consideration for the price of land, where, by mutual agreement, the sale was rescinded and an assignee of the note was informed of that fact when he took the note and agreed, in its stead, to take the note of the vendor.

SAME. The fact that the vendor simply signed the purchaser's note, which the parties had agreed to redeliver, and delivered it to the assignee, would not deprive the purchasers of the defense of failure of consideration.

SAME—RENUNCIATION—STATUTES—APPLICATION. Rem. 1915 Code, § 3512, providing that the holder of a negotiable instrument must renounce his rights in writing unless the instrument is delivered up has no application to a note for which the consideration failed, to the knowledge of the holder at the time he acquired it.

SAME—ACTION—FAILURE OF CONSIDERATION—ORAL EVIDENCE—ADMISSIBILITY. It is competent to show by oral proofs that the consideration for a note, given for the purchase price of land, had failed, to the knowledge of the holder, by a mutual rescission of the sale.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered June 29, 1915, upon the

[1]Reported in 160 Pac. 11.

verdict of a jury rendered in favor of the defendants, in an action upon a promissory note.    Affirmed.

*Barker & Barker*, for appellant.
*Mulligan & Bardsley*, for respondents.

MOUNT, J.—This action was brought to recover upon a promissory note for $1,500, executed by the defendants in favor of one Rice.   For answer to the complaint, the defendants admitted executing the note, but alleged that there was a failure of consideration which was known to the plaintiff at the time he acquired the note.   There were other affirmative defenses not necessary to mention.   Upon these issues the case was tried to the court and a jury, resulting in a verdict and judgment in favor of the defendants.   The plaintiff has appealed.

It appears that, on July 26, 1912, the defendants entered into an agreement with John D. Rice to purchase thirteen acres of land belonging to Rice.   At that time there was a mortgage against the land for $1,500.   The defendants agreed to purchase Rice's equity for the sum of $1,500, and to pay for the same by a note secured by a second mortgage upon the land.   The note and mortgage were executed and delivered to Mr. Rice.   A deed was executed by Mr. Rice to defendants and signed by him, but was not signed by his wife, who at that time was in Oregon.   It was agreed between them that Mr. Rice should take the note and mortgage and the deed, have his wife sign the deed, and not file the mortgage for record until after the deed had been signed and delivered by Mr. Rice to the defendants.   Thereafter, before the deed was signed, Mr. Rice desired to purchase from the appellant Hornburg an automobile.   The transaction between Mr. Rice and the defendants was explained to Mr. Hornburg, and he agreed to take the note and mortgage of $1,500 in payment for the automobile and to repay Mr. Rice $300 when the $1,500 was collected.   Thereafter Mr. Rice and these defendants agreed to rescind the sale of the prop-

erty and Mr. Rice informed Mr. Hornburg of that fact, and it was then agreed that Mr. Rice should execute a note and mortgage for $1,500 upon the real estate direct to Mr. Hornburg in payment of the automobile. It was further agreed that the note and mortgage executed by the defendants should be returned to them. The deed from Mr. Rice to the defendants was never delivered. The mortgage executed by the defendants to Mr. Rice was returned to the defendants, but the note was not returned.

It is claimed by the appellant that there was no evidence, sufficient to go to the jury, of the failure of consideration for the note sued upon. But we are satisfied from a careful reading of the record that the evidence is conclusive to the effect that there was an entire failure of consideration of the note from the defendants Larson and wife to Mr. Rice, and that Hornburg had notice of that fact at the time he took the note sued upon and, in its stead, agreed to take Mr. Rice's note direct secured by a mortgage upon the real estate. Upon the question of failure of consideration of the note sued upon, there was sufficient evidence to go to the jury.

It is argued by the appellant that, because the note bears the signature of Mr. Rice in addition to the signatures of the Larsons, this is evidence that the note itself was not rescinded. The defendants testified that the agreement was that a new note was to be made by Mr. Rice to Mr. Hornburg. Mr. Rice also testifies that a new note was to be made and that it was made, signed by himself personally, and delivered to Mr. Hornburg in payment of the purchase price of the automobile. The appellant argues that Mr. Rice simply signed the note payable to him by the Larsons and delivered that to Mr. Hornburg. Whatever the fact may be with reference thereto, it is plain that Mr. Rice is liable. But the mere fact that Mr. Rice signed the note payable to him by the Larsons and which he and the appellant had agreed should be redelivered to the Larsons, clearly would

not deprive the Larsons of the defense of failure of consideration in an action to enforce the note against them. The rule is well settled that a failure of consideration avoids a note in the hands of persons who purchase with notice. 3 R. C. L., p. 942 *et seq.*, § 138.

At the trial of the case, the defendants were permitted to testify, over the objection of the plaintiff, that the plaintiff, Hornburg, agreed to return to them the note executed by them to Mr. Rice. Appellant contends that this was error and cites Rem. 1915 Code, § 3512, which provides that the holder of a negotiable instrument may renounce his rights against a party, but that such renunciation must be in writing unless the instrument is delivered up to the person primarily liable thereon. That statute applies to valid enforceable instruments. As we have seen above, in this case the note sued upon was not an enforceable instrument, if it was made without consideration, or if the consideration failed and the holder knew of such failure at the time he acquired the note. We think it was competent for the defendants to show by oral proof the facts in regard to the making and delivery of the note in order to show what the consideration was or whether there was a failure of consideration. 3 R. C. L., p. 943, § 139. We think the statute relied upon has no application to this case.

We find no error in the record. The judgment is therefore affirmed.

Morris, C. J., Chadwick, Ellis, and Fullerton, JJ., concur.