[No. 1443-3. Division Three. January 27, 1977.]

THOMAS E. LOOKEBILL, ET AL, *Appellants*, v. MOM'S MOBILE HOMES, INC., ET AL, *Respondents*.

*Jerry T. Dyreson* of *Spokane County Legal Services,* for appellants.

*Michael P. Farris* and *Wolff & Eberle,* for respondents.

GREEN, J.—This action arises from plaintiffs' purchase of a mobile home from the defendants. A judgment for $325 was entered in favor of plaintiffs based upon breach of warranty. Plaintiffs appeal from the dismissal of other alleged causes of action.

Error is assigned to the dismissal of the other causes of action. The trial court determined that (1) defendants substantially complied with the retail installment sales act, RCW 63.14, and that any noncompliance was the result of a bona fide or accidental error; (2) the acts of defendants did not violate the Consumer Protection Act, RCW 19.86; and (3) plaintiffs suffered no mental anguish, loss of use, loss of recreation time, or depreciation in the value of the mobile home due to defendants' conduct.[1] We reverse as to (1) and affirm as to the others.

The factual setting giving rise to these issues is contained in the following unchallenged findings of fact:

III.

In the latter part of September, 1972, the plaintiffs accompanied by Mr. and Mrs. Hyer went to Mom's Mobile Homes to look at trailers. At that time they talked to Mom's salesman, Robert Hunsinger. During that visit plaintiffs found a trailer that they liked which had already been sold. After inquiring of the salesman, Robert Hunsinger, if certain additional items could be provided, the plaintiffs ordered a 1973 Nashua 14 foot by 69 foot mobile home, serial number 17085.

IV.

The plaintiff's offer to buy from defendant Mom's Mobile Homes, Inc. a 1973 Nashua, 14 foot by 69 foot mobile home, serial number 17085 for the price of Nine Thousand Sixty-Nine Dollars and Twenty Cents ($9,069.20)

---

[1] Error is also assigned to the trial court's finding that plaintiffs were not deceived or misled by the contents of the conditional sales agreement. The record supports this finding, but inasmuch as it was the basis for the trial court's conclusion that defendants did not violate the Consumer Protection Act, we point out that *capacity to deceive* is all that is required for violation of the act. *See Fisher v. World-Wide Trophy Outfitters*, 15 Wn. App. 742, 748, 551 P.2d 1398 (1976); *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 317, 553 P.2d 423 (1976). Since we affirm assigned error (2) on other grounds, we need not reach a discussion of this question.

was conditioned upon the acceptance by Mom's Mobile Homes, Inc. of the condition that they provide a hallway rug, shower door, dishwasher and a window in the rear bedroom.

## V.

The salesman promised that the hallway rug, shower door, dishwasher and window in the rear bedroom would be provided. At that time the salesman prepared a sales invoice, number 733, setting forth the material terms of the contract. Said sales invoice allowed a Three Thousand Dollar ($3,000.00) downpayment for a 61 Van Dyke trailer. It also provided that this sale would be financed for a ten-year period. The sales invoice was delivered to and signed by Thomas Elyza Lookebill.

## VI.

At the time of sale or subsequent thereto, a document entitled Conditional Sales Security Agreement was delivered to the plaintiffs and signed by Thomas E. Lookebill. Said document contains information required by the Retail Sales Act, R.C.W. 63.14 et seq.

## VII.

On November 6, 1972 the trailer was delivered to the plaintiffs. The items promised by the salesman, Robert Hunsinger, were not provided. Plaintiffs requested that Robert Hunsinger sign a document setting forth the agreement of the parties. Said document was signed by the salesman Robert E. Hunsinger on November 6, 1972.

## VIII.

Defendants have not provided the hallway rug, shower door or the window in the rear bedroom. Kenneth Pearson, an officer of the defendant corporation Pop's Camper Valley, Inc., has testified that the cost of the missing items is Two Hundred and Fifty Dollars ($250.00). The Court having heard all testimony finds that the value of the missing items is Two Hundred and Fifty Dollars ($250.00).

## XI.

Plaintiffs gave timely notice to defendants . . . that the additional items promised to be provided had not been delivered.

First, plaintiffs contend that the court erred in dismissing their cause of action for violation of the retail installment sales act, RCW 63.14. We agree. This act provides that every retail installment contract *shall* be dated, that the

entire agreement *shall* be contained in a single document completed as to all essential provisions, and that the printed or typed portions *shall* be in a size equal to at least 8-point type. RCW 63.14.020. The contract must, *inter alia*, contain the name of the seller, his place of business, and a description or identification of the goods sold. RCW 63.14.040. Further, when the buyer signs the contract, it shall not contain blank spaces in provisions that are essential to the transaction. RCW 63.14.070.[2] Also, a notice to buyer provision must be included as provided in RCW 63.14.040:

(2) Every retail installment contract shall contain the following notice in ten point bold face type or larger directly above the space reserved in the contract for the signature of the buyer: "NOTICE TO BUYER:

(a) Do not sign this contract before you read it or if any spaces intended for the agreed terms, except as to unavailable information, are blank.

(b) You are entitled to a copy of this contract at the time you sign it.

(c) You may at any time pay off the full unpaid balance due under this contract, and in so doing you may receive a partial rebate of the service charge.

(d) The service charge does not exceed ....................% (must be filled in) per annum computed monthly and may not lawfully exceed twelve percent per annum computed monthly.

Here, the CONDITIONAL SALES SECURITY AGREEMENT evidencing the transaction is undated[3] and omits the name and address of the seller. Further, the NOTICE TO BUYER provi-

---

[2] However, this section permits the due date of the first installment to be inserted by the seller in his counterpart of the contract after it has been signed by the buyer if delivery is not made at the time of execution of the contract.

[3] Also, the contract contains no date as to when payments commence, but if delivery is not made at the time of execution of the contract, this item may be inserted later. RCW 63.14.070, see footnote 2. However, since the contract is not dated and was signed either "at the time of sale or subsequent thereto" (Finding No. 6), it is possible that the contract was signed at the time of delivery. Therefore, the failure to include both a contract date and a payment commencement date are more crucial omissions.

sion is deficient in that (1) it is in smaller type than the required 10-point boldface type; (2) it is not located in the required place directly above the buyer's signature on the contract; and (3) the substance of the NOTICE does not conform with the statute.[4] Finally, the document does not contain the entire agreement of the parties and is not complete as to all essential terms, *e.g.*, a separate agreement reduced to writing on November 6, 1972, required defendants to install a rug, shower door, dishwasher, and a window in a rear bedroom within 6 months.[5]

■ Notwithstanding these violations, the trial court concluded that the seller substantially complied with the provisions of the retail installment sales act. We disagree. This act uses the term "shall", indicating a clear legislative intent to create an affirmative duty of compliance by the seller. Since the requirements of the act are plain and unambiguous, courts are limited from engrafting exceptions to such provisions. *State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wn.2d 573, 399 P.2d 8 (1965); *Ransom v. South Bend*, 76 Wash. 396, 136 P. 365 (1913). While courts in other states have said that a seller must perform his duties with scrupulous adherence to the terms of similar acts, these courts have refused to find a violation where there has been substantial compliance. However, these courts have been rather strict as to what constitutes substantial compliance. *See Stasher v. Harger-Haldeman*, 58 Cal. 2d 23, 372 P.2d 649, 22 Cal. Rptr. 657 (1962); *General Motors*

---

[4] The notice reads as follows:

"You are entitled to a copy of the Security Agreement you sign. There is a minimum finance charge of $5 if the amount financed does not exceed $75, or $7.50 when the amount financed exceeds $75. No refunds of less than $1 will be given. You have the right to pay in advance the unpaid balance of this agreement and obtain a partial refund of the finance charge based on the Rule of 78's."

[5] Defendants assert in their brief that plaintiffs have failed to sustain their burden of proving the existence of this separate agreement and the agent's authority to contract and bind defendants in this respect. However, defendants have not cross-appealed or assigned error to findings of fact Nos. 4 and 5 set forth above establishing the separate agreement. There is substantial evidence to support these findings, and therefore, defendants' argument is without merit.

*Acceptance Corp. v. Kyle*, 54 Cal. 2d 101, 351 P.2d 768, 4 Cal. Rptr. 496 (1960); *City Lincoln-Mercury Co. v. Lindsey*, 52 Cal. 2d 267, 339 P.2d 851 (1959); *Stride v. Martin*, 184 Md. 446, 41 A.2d 489 (1945); *Rosenblum v. Family Fin. Corp.*, 179 Misc. 1050, 39 N.Y.S.2d 230, *aff'd*, 266 App. Div. 872, 43 N.Y.S.2d 636 (1942); *Loans—Disclosure Statutes*, Annot., 14 A.L.R.3d 330 (1967).

A contract may substantially comply with the act even though there may be formal or technical violations, such as signature, date, address, or typographical error. Here, however, the omissions are too numerous both as to form and substance to constitute substantial compliance. The essentials of the statutory scheme contemplate a single document containing the entire agreement,[6] with specified sizes of type, precise identification of the subject matter, and detailed information about the terms. Here, defendants have failed to comply with these essentials. Consequently, the court erred in concluding that defendants substantially complied with the act.

■ Neither do we agree with the trial court's conclusion that noncompliance resulted from accidental or bona fide error under RCW 63.14.180:

> Any person who enters into a retail installment contract . . . which does not comply with the provisions of this chapter or who violates any provision of this chapter except as a result of an accidental or bona fide error shall be barred from the recovery of any service charge, official fees, or any delinquency or collection charge . . .

In support of this defense, defendants relied only on their

---

[6] It is apparent from the record that the separate agreement triggered this controversy. Defendants argue that the items set forth in the separate agreement are not essential and, therefore, omission of these items from the CONDITIONAL SALES SECURITY AGREEMENT does not violate RCW 63.14.020. They contend that to hold otherwise would require the seller to list "every tangible element contained in the mobile home." We disagree. Since the additional items are not automatically included in the standard 14- by 69-foot 1973 Nashua mobile home and the purchase was conditioned upon providing these extras, they became essential items of the agreement.

belief that the contract form, supplied by a bank in Idaho, complied with Washington law. It is clear defendants did not know of or make any attempt to ascertain the requirements of the act. The burden of compliance rests upon defendants under the act. This burden is not satisfied by *mere* reliance on the bank form unaccompanied by any other acts. Moreover, defendants have not shown that the failure to include the entire agreement in the document or the omission of essentials in the form contract were the result of bona fide or accidental error. Consequently, defendants cannot avail themselves of this defense.

▮ Finally, defendants argue that plaintiffs are not entitled to recover damages because they have not been deceived, misled, or harmed as a result of the violations. This argument must fail because there is no requirement to prove damage or harm in order for a plaintiff to enforce the penalty provided in RCW 63.14.180. While the penalties provided for in RCW 63.14.180 appear harsh in the context of the circumstances of this case, we are bound to follow the legislative enactment.

Second, plaintiffs contend that the court erred in dismissing their cause of action for violation of the Consumer Protection Act, RCW 19.86. Plaintiffs argue that violation of RCW 63.14 constitutes an unfair or deceptive practice within the meaning of the Consumer Protection Act. In the circumstances of this case, we disagree.

▮ We do not reach the merits of plaintiffs' argument because the evidence is insufficient to establish that the claimed unfair practice is injurious to the public. *Lightfoot v. MacDonald*, 86 Wn.2d 331, 544 P.2d 88 (1976). Plaintiffs attempted to show the requisite public injury through evidence that the agreement form was employed by defendants on other occasions. Here, the defendants have violated RCW 63.14 in several ways due to the failure to properly fill in essential blanks, failure to designate the seller and its address, and the failure to include the entire agreement in one document. Since these violations are peculiar to the

plaintiffs in the present case, public injury has not been shown.

Finally, plaintiffs assign error to the dismissal of their cause of action for loss of use and emotional distress but do not argue it in their brief on appeal. We have reviewed the record and find no error as to this issue.

Reversed and remanded for further proceedings in accordance with RCW 63.14.180.

MUNSON, C.J., and McINTURFF, J., concur.

Petition for rehearing denied March 15, 1977.

Review denied by Supreme Court July 27, 1977.