[No. 1751–3. Division Three. May 24, 1977.]

WALTER KENWORTHY, ET AL, *Appellants*, v. THEODORE F. BOLIN, ET AL, *Respondents*.

*Dana Madsen* and *Fredrickson, Maxey, Bell & Allison,* for appellants.

*J. Donald Curran* and *Martin L. Salina,* for respondents.

MUNSON, C.J.—The plaintiffs appeal the trial court's judgment dismissing plaintiffs' complaint and granting judgment on the defendants' counterclaim for the balance due on a promissory note, plus interest and statutory attorney fees. We affirm, but modify the judgment.

In May 1974 the plaintiffs Kenworthy purchased a mobile home from the defendant, Ted Bolin; the purchase price was $13,273. A down payment was made by the Kenworthys executing an interest bearing promissory note for $3,739.40 to Bolin; at the same time, the parties entered into a sale agreement for the balance of the purchase price.

This agreement expressly stated that the mobile home was the subject of a conditional sales contract and security agreement which were incorporated by reference. In addition, the sale agreement stated:

All monthly payments hereunder shall be applied first to interest and the remaining balance to principal.

. . .

The Purchasers [the Kenworthys] herein agree to assume the conditions of the conditional sale contract and security agreement above referenced as if they were the purchasers therein.

The conditional sale contract provided monthly payments of $133.92 for 144 months and included a finance charge of $9,085.48, bringing the total time balance to $19,282.73.

The Kenworthys made the first payment on the sale agreement to Mr. Bolin, but thereafter made nine payments to Nationwide Acceptance Corporation. Although the conditional sale contract specified Economy Trailer Sales, Inc., as the seller, Nationwide Acceptance Corporation had purchased the sellers' interest in the conditional sale contract and was the legal owner of the mobile home. This was evidenced by an application for certificate of title signed by the Kenworthys on May 10, 1974. Shortly after the Kenworthys entered into the sale agreement, they received a payment coupon book specifying that they were to make the payments to Nationwide Acceptance Corporation.

In January 1975 the Kenworthys discovered that they would pay approximately $19,000, including interest for the mobile home; they informed Mr. Bolin they intended to rescind the contract; in March 1975 they surrendered possession of the mobile home. Mr. Bolin resold it; up to that time the Kenworthys had paid $1,174 to Mr. Bolin on the promissory note.

The Kenworthys brought this action for rescission and for damages, alleging among other claims, a violation of the retail installment sales act. RCW 63.14 *et seq.* The Bolins counterclaimed for the loss incurred as a result of having to

resell the mobile home and for attorney fees. The trial court dismissed all claims except it granted the Bolins judgment against the Kenworthys for the amount remaining unpaid on the note, plus interest, and statutory attorney fees.

The only issue properly raised is whether the sale agreement complied with the retail installment sales act, RCW 63.14.020 and .040.[1] The Kenworthys have assigned error to several findings of fact and conclusions of law dealing with this issue, although most of those findings are supported by substantial evidence.[2] One essential finding of fact is not supported by the evidence, and the resulting conclusion of law is not in accordance with the law, thus requiring a modification of the judgment.

Finding of fact No. 4, that the Kenworthys received a copy of the conditional sale contract and security agreement prior to signing the sale agreement, is not supported by the evidence and, hence, does not support the court's conclusion that the retail installment sales act was substantially complied with. Mr. Kenworthy testified that he had

---

[1]RCW 63.14.020 provides in pertinent part:

"Every retail installment contract shall be contained in *a single document which shall contain the entire agreement* of the parties including any promissory notes or other evidences of indebtedness between the parties relating to the transaction, . . ." (Italics ours.) RCW 63.14.040 designates the information which must be contained in a retail installment contract.

[2]The Kenworthys knew they were paying 12 percent interest on the promissory note and assumed they were paying 12 percent interest on the sale agreement. The sale agreement did incorporate by reference the conditional sale contract and security agreement. As evidenced by the application for certificate of title signed by the Kenworthys May 10, 1974, Nationwide Financial Corporation (Nationwide Acceptance Corp.) was the legal owner. From that date forward, the Kenworthys could be held to the knowledge that Nationwide Financial Corporation was the owner of the mobile home. Furthermore, beginning with the second payment under the sale agreement, the Kenworthys made their payments to Nationwide Acceptance Corporation. The court's finding that the defendants did not misrepresent to the Kenworthys the ownership of the mobile home was supported by substantial evidence. The Kenworthys did not meet the burden of proving the nine necessary elements for misrepresentation. *See Dixon v. MacGillivray*, 29 Wn.2d 30, 185 P.2d 109 (1947); *Alexander Myers & Co. v. Hopke*, 14 Wn. App. 354, 541 P.2d 713 (1975).

neither seen nor received a copy of the installment sales contract until consulting an attorney in order to commence this action. Mr. Bolin testified that the Kenworthys had received a copy of the conditional sale contract and security agreement the same day that they signed the sale agreement, *i.e.,* when they returned after the sale agreement was executed to question Mr. Bolin as to the manner in which the 144 payments of $133.92 each was established.

The retail installment sales act requires that "[e]very retail installment contract shall be contained in a *single document* which shall contain the entire agreement of the parties . . ." (Italics ours.) RCW 63.14.020. This language makes it mandatory that all the elements of the agreement be set out in one document. The language is plain, concise and unambiguous; it is not subject to construction or interpretation by the courts. *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 399 P.2d 8 (1965); *Lookebill v. Mom's Mobile Homes, Inc.,* 16 Wn. App. 817, 559 P.2d 600 (1977). Since this sale comes within the definition of a retail installment contract (RCW 63.14.010(6)), the entire agreement must be contained within a single document. *Accord, State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 87 Wn.2d 298, 309 n.6, 553 P.2d 423 (1976); *Lookebill v. Mom's Mobile Homes, Inc., supra; Atlas Credit of California, Inc. v. Hill,* 15 Wn. App. 146, 153, 547 P.2d 894 (1976).

The defendants contend that the sale agreement meets this single–document requirement in that the conditional sale contract and security agreement are properly incorporated by reference. It is true that the sale agreement makes numerous references to them;[3] however, such references and the doctrine of incorporation by reference are insufficient to meet the single–document requirement of the statute.

---

[3]Incorporation by reference allows the provisions of a contract to be included within the terms of a second contract by referring to the first contract. *Turner v. Wexler,* 14 Wn. App. 143, 538 P.2d 877 (1975); *Young v. Borzone,* 26 Wash. 4, 66

The purpose of the single–document requirement is to protect buyers from the deception and ambiguities which arise when more than one document is utilized to express the contract. *National Bank of Commerce v. Thomsen*, 80 Wn.2d 406, 424, 495 P.2d 332 (1972) (Stafford, J., dissenting). This requirement could have been met, if at the time the Kenworthys received the sale agreement and the promissory note, they also received a copy of the conditional sale contract and security agreement attached thereto. RCW 63.14.030 requires a contemporaneous delivery of a copy of the contract at the time it is signed; this was not the case here. From the evidence presented, the earliest that the Kenworthys could have received a copy of the conditional sale contract and security agreement was after they had signed the sale agreement, had left the premises of the mobile home sales lot, and had later returned to inquire how the payment schedule was determined. That portion of the retail installment contract which complied with RCW 63.14.040, the conditional sale contract, although incorporated by reference was not attached. This violates the intention and spirit of the act, which is to put the buyer on notice of all conditions, costs and charges. The availability of the incorporated documents is not challenged, for they were readily produced at the buyers' subsequent request. However, statutory compliance requires that they be attached to the sale agreement, thus constituting a "single document"; therefore, the Kenworthys are entitled to remedies under RCW 63.14.180.

The statutory remedy for violation of the retail installment sales act allows the seller to recover the cash price of the goods or services, plus the cost of any insurance, but denies recovery for "any service charge, official fees, or any delinquency or collection charge". RCW 63.14-.180. The interest charged on the promissory note is within

P. 135 (1901); S. Williston, *A Treatise on Law of Contracts* § 628, at 901 (3d ed. 1961).

the definition of service charge under RCW 63.14.010(8).[4] The promissory note which covered the vendees' interest, plus sales tax, was for $3,739.40 at 12 percent interest. The Kenworthys had paid $1,174 on the note, and at the time of trial, $2,754 remained due and owing. It is apparent that a substantial portion of that payment included interest. Because of the violation of the act as noted above, the sellers are not entitled to interest; therefore, the court should have disregarded any interest paid, subtracting the amount paid from the original amount of the note, exclusive of interest and awarded the difference to the sellers. As thus computed, judgment should have been, and is, hereby modified to be $2,565.40.

The Kenworthys next contend the trial court erred in holding that they owed the balance of the promissory note at all. *Burton v. Dunn,* 55 Wn.2d 368, 347 P.2d 1065 (1960). This assignment is not well taken.

The sale agreement provides in part:

> The total agreed purchase price of the aforesaid Mobile Home is $13,273.00, of which the sum of $3,075.75 has this date been paid by Purchasers executing a promissory note payable to Vendor in the sum of $3,739.40, which includes the above sum of $3,075.75, and the sum of $663.65 State sales tax. Receipt of the above referenced note is hereby acknowledged.

When a contract for the sale of property specifies that a down payment has been paid, and a promissory note was actually executed as the down payment, whether it was accepted as an unconditional payment or merely evidence of deferred payment depends upon the agreement and intention of the parties. Here, the court accepted the note as reflecting the Kenworthys' purchase of Bolins' interest in the mobile home, plus sales tax; additionally, the Kenworthys assumed the balance of the Bolins' obligation.

---

[4] "'Service charge' however denominated or expressed, means the amount which is paid or payable for the privilege of purchasing goods or services to be paid for by the buyer in installments over a period of time. It does not include the amount, if any, charged for insurance premiums, delinquency charges, attorneys' fees, court costs or official fees;"

When they refused to pay, the Bolins regained possession of the mobile home; the contract was forfeited. The court obviously believed the note was offered as unconditional payment and not as a deferred payment and, therefore, properly granted the Bolins' claim for the amount unpaid on the promissory note. *Simmons v. Gardenspot Ranch, Inc.,* 68 Wn.2d 131, 411 P.2d 857 (1966); *Van Geest v. Willard,* 27 Wn.2d 753, 180 P.2d 78 (1947).

■ The Kenworthys' additional assignments of error contending that they had produced sufficient proof to support the claim for wages, that the defendants were not entitled to statutory attorney fees, that the transaction was usurious, that the sale violated the consumer protection act and the federal truth in lending regulations, and the court's failure to enter plaintiffs' findings and conclusions except as otherwise discussed herein, are not well taken. These issues were neither argued nor was authority cited in their brief. This court will not consider such issues on appeal. *Hansen v. Wightman,* 14 Wn. App. 78, 538 P.2d 1238 (1975).

■ With the exception of the court's award of the interest on the promissory note, the court's findings of fact and conclusions of law are supported by substantial evidence, in accordance with the law, and will be upheld on appeal. *Sylvester v. Imhoff,* 81 Wn.2d 637, 503 P.2d 734 (1972).

Therefore, the judgment affirmed is modified.

GREEN and McINTURFF, JJ., concur.