[No. 4365-7-III.   Division Three.   October 20, 1981.]

CLARK A. EMMERSON, *Respondent*, v. JAMES
D. BECKETT, ET AL, *Appellants*.

*William F. Almon, Robert J. Reynolds,* and *Thorner, Almon, Kennedy & Gano,* for appellants.

*Ronald F. Whitaker* and *Walters, Whitaker, Finney & Falk,* for respondent.

GREEN, J.—Clark A. Emmerson brought this action against James D. and Celia F. Beckett to recover the balance due on a promissory note. Summary judgment was granted in favor of Mr. Emmerson and the Becketts appeal.

The record shows on July 10, 1980, Mr. Emmerson sold an apartment complex to Sherwood Properties, a limited partnership, under a real estate contract. James Beckett, as general partner, and Celia, his wife, signed on behalf of Sherwood Properties. The real estate contract provided for a purchase price of $485,000. The seller acknowledged receipt of $85,000 as a down payment which consisted of

a $50,000.00 cash down payment, . . . and *a $35,000.00 Note* executed by James D. Beckett and Celia F. Beckett, husband and wife, as makers in favor of seller.

(Italics ours.)

The $35,000 note, which was dated May 8, 1980, was signed by James D. and Celia F. Beckett individually; Sherwood Properties was not signatory to the note. It was due and payable on or before August 1, 1980. Certain setoffs referable to the real estate contract were listed as being deductible from the note if they were not disposed of before closing the Emmerson–Sherwood Properties transaction. It also contained provisions for declaring the entire amount due and collectible upon default.

On November 3, 1980, Mr. Emmerson brought this action against the Becketts, individually, for default on the note in the amount of $13,135.76 plus interest, representing the balance due after deducting some of the listed setoffs. According to Mr. Emmerson's affidavit, the Becketts had paid only $1,000 on the note by August 14, 1980.

The Becketts answered and affirmatively alleged estoppel, failure of consideration, misrepresentation, payment and waiver. Mr. Beckett claimed in his affidavit the note was signed based on representations made by Mr. Emmerson that the coin–operated laundry machines in the apart-

ment complex would average $150 per month. He stated he explained to Mr. Emmerson he expected the cash from the machines to pay operational expenses and meet the payments under the real estate contract. He further stated, based upon Mr. Emmerson's assurances that the figures were accurate, "I agreed to acquire the property"; the income was about half that represented, having a "material effect upon my ownership and operation of the premises"; and "[h]ad I known . . . the receipts . . . would be less than $150 per month . . ., I would not have entered into the transaction at the price and terms agreed upon . . ."

In a supplemental affidavit, Mr. Beckett stated he executed the promissory note "on behalf of" Sherwood Properties. He acknowledged, however, as maker he would be primarily liable on the note. He also stated Mr. Emmerson knew he was a general partner.

Based on the foregoing facts contained in the affidavits of the parties, summary judgment was granted in favor of Mr. Emmerson. The basis for this determination is contained in the trial court's order:

> [T]he promissory note sued on herein was given as the down payment on the real estate contract . . . and as such is separate and distinct from the real estate contract, and that the defendants' claims of misrepresentation do not affect the enforceability of the note, . . .

The validity of this holding presents the sole issue on appeal.

Mr. Beckett contends partial failure of consideration between the original parties to a note is a pro tanto defense. *Burton v. Dunn*, 55 Wn.2d 368, 347 P.2d 1065 (1960); *Vancouver Nat'l Bank v. Katz*, 142 Wash. 306, 252 P. 934 (1927); *Americus v. McGinnis*, 128 Wash. 28, 221 P. 987 (1924); *Hamilton v. Mihills*, 92 Wash. 675, 159 P. 887 (1916); *Hornburg v. Larson*, 93 Wash. 74, 160 P. 11 (1916). It is argued a partial failure of consideration occurred here because of the reduced income from the laundry machines and the resulting damages should be allowed as an offset against the note.

On the other hand, Mr. Emmerson supports the trial court's determination with a number of cases holding that a seller can collect upon a buyer's promissory note given as a down payment on a real estate contract, even though the contract has been forfeited by the seller. *Simmons v. Gardenspot Ranch, Inc.,* 68 Wn.2d 131, 411 P.2d 857 (1966); *Van Geest v. Willard,* 27 Wn.2d 753, 180 P.2d 78 (1947); *McHugh v. Rosaia,* 184 Wash. 463, 51 P.2d 616 (1935); *Vickerman v. Kapp,* 167 Wash. 464, 9 P.2d 793 (1932); *Kenworthy v. Bolin,* 17 Wn. App. 650, 564 P.2d 835 (1977). These cases differ from the instant case because they involved only the seller and the buyer. Additionally, Mr. Emmerson is not suing to rescind the contract and collect the amount due on the note as liquidated damages. *See, e.g., Jones–Short Motor Co. v. Bolin,* 153 Wash. 198, 279 P. 395 (1929).

■ Nevertheless, we affirm the result reached by the trial court because the defense asserted by Mr. Beckett could only be claimed by Sherwood Properties in an effort to reduce the contract balance. It is not available in this action because Sherwood Properties is not a party.

It is evident the consideration for the note given by the Becketts to Mr. Emmerson was for the purpose of inducing Mr. Emmerson to sell the apartment complex to Sherwood Properties. This was accomplished. On the other hand, the fact that the laundry machines failed to yield the amount represented would damage the purchasers of the property under the real estate contract, *i.e.,* Sherwood Properties. Thus, it would be incongruous to allow Mr. Beckett individually to claim the defense against his personal obligation where Sherwood Properties has not sought or obtained rescission of the contract.

Moreover, the Becketts signed the note in their individual capacity, not as general partners of Sherwood Properties, and are, therefore, individually liable for that obligation. The Uniform Commercial Code, RCW 62A.3–403(2), relating to commercial paper states:

An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

Official Comment 2 to this section notes that parol evidence is not admissible to disestablish this liability, even between the immediate parties. Further, RCW 62A.3–306(d) precludes a party from asserting a third party's claim, with exceptions not applicable here, "unless the third person himself defends the action for such party." Since the Becketts were not sued in their representative capacities or Sherwood Properties joined as a party, summary judgment was properly granted. Our holding, however, does not prejudice Sherwood Properties from pursuing the asserted claim in an action in which it is a party.

Mr. Emmerson's request for attorney's fees on appeal as provided for in the promissory note is granted and shall be determined by the trial court on remand.

Affirmed and remanded.

McINTURFF, C.J., and MUNSON, J., concur.